# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| RENARDA JERMAL SMITH, | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-119 |
| v. | |
| WARDEN JEFFERY COLEMAN; DEPUTY WARDEN OF SECURITY ANDREW MCFARLANE; DEPUTY WARDEN OF ADMINISTRATION KELLY MCCUMBER; DEPUTY WARDEN OF CARE & TREATMENT TAMMY STANKOWITZ; LIEUTENANT HARTMEYER; SERGEANT COPELAND; CORRECTIONAL OFFICER AUSTIN WILLIAMS; and CORRECTIONAL OFFICER ROBINSON, | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently incarcerated at Hancock State Prison in Sparta, Georgia, brings this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement while at Rogers State Prison in Reidsville, Georgia.  Doc. 10.[1]  After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Stankowitz and Rogers State Prison.  I also **RECOMMEND** the Court **DISMISS** any claims for

---

[1]      Plaintiff initially filed a Complaint on November 26, 2018.  See Doc. 1.  Then, on September 18, 2019, Plaintiff filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a).  See Doc. 10.  "As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."  Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Can., 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).  Accordingly, this Court, in conducting its review under § 1915A, will only consider the allegations of Plaintiff's Amended Complaint.  See Schreane v. Middlebrooks, 522 F. App'x 845, 847 (11th Cir. 2013) ("The district court did not err in considering [pro se prisoner's] Amended Complaint to supersede his Initial Complaint.").

monetary damages against Defendants in their official capacities.  Further, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland, and Hartmeyer, and I **RECOMMEND** the Court **DISMISS** Plaintiff's retaliation claim against Defendant McCumber.  As to any dismissed claims, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

However, I **FIND** Plaintiff sets forth non-frivolous Eighth Amendment claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities based on the outdoor cage incident.  I further **FIND** Plaintiff's retaliation claims may proceed against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities.  Finally, I **FIND** Plaintiff may proceed with his prison conditions claims against Defendants Coleman, McCumber, and McFarlane in their individual capacities based on the lack of nighttime emergency assistance at Rogers State Prison.

The Court hereby **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Amended Complaint and attachments, docs. 10, 10-1, 10-2, and a copy of this Order upon Defendants McFarlane, McCumber, Coleman, Williams, Robinson, Copeland, and Hartmeyer without prepayment of cost.

## PLAINTIFF'S ALLEGATIONS[2]

Plaintiff alleges that at approximately 4:30 p.m. on December 12, 2017, while praying, he was ordered to lockdown by Defendant Coleman, the Warden of Rogers State Prison.  Doc. 10 at 2.  Defendant Coleman then had Defendant McFarlane, the Deputy Warden of Security, place Plaintiff in handcuffs, and together they escorted Plaintiff to the segregation unit.  Id.  Upon

---

[2]    During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

arriving at the segregation unit, Defendant Coleman ordered Defendant Williams to put Plaintiff in the outdoor segregation yard cage. Id. At that time, the outside temperature was 30 degrees. Id.

Plaintiff alleges that at 5:45 p.m., he asked Defendant Robinson to bring him in from the cold, and Defendant Robinson responded by laughing. Id. at 3. At 7:45 p.m., Plaintiff asked Defendant McFarlane to bring him in from the cold, and Defendant McFarlane told Plaintiff he was not supposed to be out there but failed to do anything to alleviate the situation. Id. at 2. At 8:45 p.m., Plaintiff asked Defendant Copeland about coming in from the segregation yard cage, and she responded by laughing and saying, "Fuck you, you Muslim n****." Id. at 3. Plaintiff alleges that at that point, the outside temperature had dropped to 25 degrees. Id. At 9:45 p.m., Plaintiff asked Defendant Hartmeyer to bring him in from the cold, and Defendant Hartmeyer responded by saying, "Hell no you black ass n****, you need to freeze your Muslim ass off some more." Id. Plaintiff was left outside for over eight hours, during which time the outdoor temperature dropped below 28 degrees, with minus 10 degrees wind chill. Id. at 2–3.

Plaintiff claims this event was in retaliation for a grievance he filed on October 12, 2017 concerning an October 8, 2017 incident where he suffered an asthma attack in the middle of the night and was unable to get emergency assistance. Id. at 3. Plaintiff alleges he had no panic button in his room and no way to alert the correctional officer on duty about his emergency situation, and Plaintiff ultimately feared he would die. Id. In addition to filing a grievance, Plaintiff alerted Defendant McCumber about this issue on October 23, 2017 but never heard back from her. Id. Plaintiff then hand-delivered a letter to Defendant Coleman on November 13, 2017 about the incident but received no response. Id. Finally, on December 4, 2017, Plaintiff

sent a request to Defendant Stankowitz about the incident. Id. The outdoor cage incident occurred on December 12, 2017. Id. at 2.

Plaintiff seeks compensatory damages in the amount of $15,000.00 from each of the named Defendants and punitive damages in the amount of $300,000.00. Id. at 12–13.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.      Claim Against Rogers State Prison**

Plaintiff has included Rogers State Prison as a Defendant in one of his Amended

Complaint's counts.  See Doc. 10 at 11.  Rule 17(b) of the Federal Rules of Civil Procedure

governs which individuals and entities are capable of being sued in federal court, and it

specifically directs this Court to look to the law of this state in determining whether a defendant

such as Rogers State Prison can be sued.  See Fed. R. Civ. P. 17(b)(3).[3]  Under Georgia law, "in

every suit there must be a legal entity as the real plaintiff and the real defendant.  [Georgia]

recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person

(a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to

sue."  Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (citing Ga. Insurers Insolvency

Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988) (finding sheriff's department not a legal

entity subject to suit)).  This Court, in considering Georgia law, has previously concluded that a

"State Prison, as a division of the Georgia Department of Corrections, is not a separate legal

entity capable of being sued."  See Jamelson v. Unnamed Defendant, Civil Action No.: 6:17-cv-

103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017), *adopted by* 2018 WL 616142 (S.D. Ga.

Jan. 29, 2018).

Further, because the State of Georgia would be the real party in interest in a claim against

Rogers State Prison, Eleventh Amendment immunity also bars Plaintiff's claim.  In Will v.

Michigan Department of State Police, the United States Supreme Court, citing to longstanding

---

[3]      The Eleventh Circuit has held that an exception outlined in Rule 17(b) is not applicable to
sheriff's departments and police departments, stating that "[n]othing in the language of Rule 17(b) or in
the early case law that led to the adoption of Rule 17 . . . warrants an extension of Rule 17(b) to
government units."  Dean v. Barber, 951 F.2d 1210, 1214 n.4 (11th Cir. 1992) (citation omitted).  This
Court concludes this holding encompasses governmental units such as state prisons.

principles of state immunity, concluded that "a State is not a person within the meaning of §

1983" and applied this holding to "governmental entities that are considered 'arms of the State'

for Eleventh Amendment purposes." 491 U.S. 58, 64, 70 (1989). Based on the foregoing,

Rogers State Prison is not a proper party Defendant, and I **RECOMMEND** the Court **DISMISS**

Plaintiff's claim against Rogers State Prison.

## II.     Claims for Monetary Damages Against Defendants in Their Official Capacities

Plaintiff also cannot bring a § 1983 claim for monetary damages against the Defendants

in their official capacities. See Will, 491 U.S. at 71 ("[A] suit against a state official in his or her

official capacity is not a suit against the official but rather is a suit against the official's office");

see also Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) ("Such an action is barred,

because any damage award would be paid out of the state treasury, an impermissible occurrence

under our constitutional scheme."). Therefore, I **RECOMMEND** the Court **DISMISS**

Plaintiff's § 1983 claim to the extent it seeks monetary relief against Defendants in their official

capacities.

## III.    Claims of Cruel and Unusual Punishment and Deliberate Indifference Based on Exposure to Cold

"It is unquestioned that '[c]onfinement in a prison . . . is a form of punishment subject to

scrutiny under the Eighth Amendment standards.'" Rhodes v. Chapman, 452 U.S. 337, 345

(1981) (citation omitted). "The Eighth Amendment, in only three words, imposes the

constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Id. "When

conditions of confinement amount to cruel and unusual punishment, 'federal courts will

discharge their duty to protect constitutional rights.'" Id. at 352 (citation omitted).

"A plaintiff seeking to show unconstitutional conditions of confinement must clear a

'high bar' by demonstrating '*extreme* deprivations.'" Ellis v. Pierce County, 415 F. App'x 215,

217 (11th Cir. 2011) (citing <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1298 (11th Cir. 2004)).

Moreover, he must demonstrate the prison officials were deliberately indifferent, specifically alleging the defendants subjectively knew that the plaintiff faced a substantial risk of serious harm, and that defendants "disregarded that known risk by failing to respond to it in an objectively reasonable manner." <u>See</u> <u>Johnson v. Boyd</u>, 568 F. App'x 719, 721 (11th Cir. 2014); <u>see also</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 303 (1991) ("Whether one characterizes the treatment received by [the prisoner] as inhumane conditions of confinement, failure to attend to his medical needs, or a combination of both, it is appropriate to apply the 'deliberate indifference' standard . . . .") (citation and quotation omitted).

According to Plaintiff, Defendant Williams, at the direction of Defendant Coleman, placed Plaintiff in an outdoor cage in the segregation yard during freezing weather in only a T-shirt and state issued pants. Doc. 10 at 4. Plaintiff alleges he was left in the outdoor cage for over eight hours, during which time the temperature dropped to 25 degrees. <u>Id.</u> at 2–3. While outside, Defendant Williams rejected Plaintiff's request for a coat, cap, socks, and boots. <u>Id.</u> at 5. Plaintiff further alleges Defendants Robinson, McFarlane, Copeland, and Hartmeyer, at various points in the evening, all declined Plaintiff's requests to be brought in from the cold. <u>Id.</u> at 2–3. In response to Plaintiff's requests, Defendant Robinson is alleged to have laughed at him and said, "Are you cold enough yet you dumb Muslim," Defendant Copeland is alleged to have laughed and said, "Fuck you, you Muslim n****," and Defendant Hartmeyer is alleged to have said, "Hell no you black ass n*****, you need to freeze your Muslim ass off some more." <u>Id.</u> at 3, 6. Only Defendant McFarlane seemed to indicate to Plaintiff that he should not be out in the cold conditions, but he, too, did not bring Plaintiff inside. <u>Id.</u> at 2.

In <u>Wilson v. Seiter</u>, the Supreme Court described "warmth" as an "identifiable human need" and noted that deprivation of that need could constitute an Eighth Amendment violation. 501 U.S. at 304. Additionally, numerous Circuit courts have recognized that exposure to cold conditions can trigger the Eighth Amendment's protections from cruel and unusual punishments. <u>See</u> <u>Palmer v. Johnson</u>, 193 F.3d 346, 349, 353 (5th Cir. 1999) (requiring inmates, as punishment, to spend night in confined outdoor area while temperatures dropped below 59 degrees Fahrenheit "demonstrated a violation of . . . clearly established rights under the Eighth Amendment"); <u>Dixon v. Godinez</u>, 114 F.3d 640, 642 (7th Cir. 1997) ("[P]risoners have a right to protection from extreme cold."); <u>Gordon v. Faber</u>, 973 F.2d 686 (8th Cir. 1992) (affirming district court's conclusion that ordering prisoners outdoors for a period of one hour to one hour and forty-five minutes in sub-freezing temperatures without adequate clothing constituted a violation of the prisoners' Eighth Amendment rights); <u>Wright v. McMann</u>, 387 F.2d 519, 526 (2d Cir. 1967) ("[C]ivilized standards of humane decency simply do not permit a man for a substantial period of time to be denuded and exposed to the bitter cold of winter . . . ."). Moreover, the Eleventh Circuit, in considering a prisoner's claim of cruel and unusual punishment where the temperature in his cell "was as low as 60 degrees," reversed a district court's conclusion that plaintiff had not alleged a violation of the Eighth Amendment. <u>See</u> <u>Chandler v. Baird</u>, 926 F.2d 1057, 1063–66 (11th Cir. 1991).

In light of the aforementioned case law, the Court finds Plaintiff's Eighth Amendment claims against Defendants Coleman, McFarlane, Williams, Robinson, Copeland, and Hartmeyer arising from his confinement in an outdoor cage at Rogers State Prison for over eight hours during freezing temperatures, while prison officials rejected his pleas to be brought inside, may proceed.

## IV.    Racial and Religious Hate Crimes Claims

Plaintiff alleges Defendants Robinson, Copeland, and Hartmeyer all committed hate crimes when, instead of bringing Plaintiff in from the cold, they hurled religious and racial slurs at him.  Doc. 10 at 2, 9.  While the Court acknowledges that 18 U.S.C. § 249 ("hate crime acts") outlines criminal penalties for certain hate crimes to include those committed on the basis of race and religion, there is nothing indicating this statute can serve as the basis of a private civil cause of action.  Rather, the Supreme Court has noted it "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).

Other courts within the Eleventh Circuit and at least one other Circuit court have rejected attempts by litigants to use § 249 as the basis for a private right of action.  See Nazer v. City of St. Petersburg, Case No.: 8:16-cv-02259, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017) ("[Section 249 of Title 18 of the United States Code] does not create personal rights or private remedies, but instead delineates how the offenses are penalized, and under what circumstances the United States may prosecute such offenses."); Smith v. Montgomery Police Dep't, Case No. 2:16-cv-156, 2016 WL 11440446, at *2 (M.D. Ala. Oct. 27, 2016) ("[Section 249 of Title 18 of the United States Code] is a federal criminal statute that does not provide civil litigants with a private right of action."), *report and recommendation adopted in part, rejected in part on other grounds by* 2016 WL 7424489 (M.D. Ala. Dec. 23, 2016); see also Harlson v. McKallip, 770 F. App'x 276, 276–77 (7th Cir. 2019) (affirming district court's dismissal of plaintiff's civil suit brought pursuant to § 249).

In light of the foregoing, this Court concludes Plaintiff fails to state a claim against Defendants Robinson, Copeland, and Hartmeyer under § 249, and I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's racial and religious hate crimes claims against these Defendants.

## V.     Due Process Claim Based on Prison Grievance Policy and Procedures

Plaintiff alleges Defendant Stankowitz violated his due process rights on December 14, 2017 when she failed to process his timely filed grievance in accordance with the Georgia Department of Corrections' policy and protocol.  Doc. 10 at 10.  Under the Due Process Clause, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; . . . an individual claiming a protected liberty interest must have a legitimate claim of entitlement to it."  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).  With regard to prison grievance procedures, the Eleventh Circuit has concluded that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ."  Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); see also Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").  Here, because the prison's grievance procedures do not provide Plaintiff with a protected liberty interest, his allegations concerning Defendant Stankowitz's handling of his grievance fail to state a due process claim under § 1983.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's due process claim against Defendant Stankowitz.

## VI.    Prison Condition Claims Based on Lack of Nighttime Emergency Assistance

Plaintiff also brings a claim regarding prison conditions at Rogers State Prison based on the failure of the prison to have medical assistance at night in the event of emergency situations.

Doc. 10 at 11. Plaintiff complains he suffered an asthma attack on the night of October 8, 2017 and was unable to alert officials that he needed emergency assistance, causing him to fear for his life. Id. He complains there is no mechanism for informing the correctional officer on duty during nighttime hours of a medical emergency (e.g., there is no panic button) and that, despite alerting Defendants Coleman, McCumber, and McFarlane of this incident in the following weeks, no changes were made. Id. at 11–12. As Plaintiff is no longer incarcerated at Rogers State Prison, he cannot pursue a claim for declaratory or injunctive relief regarding the conditions at the facility. See Robbins v. Robertson, 782 F. App'x 794, 799 (11th Cir. 2019) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief . . . .") (citation and quotation marks omitted). However, a prisoner's transfer does not moot his claims for monetary damages arising out of the alleged unconstitutional conditions of confinement. See McKinnon v. Talladega County, 745 F.2d 1360, 1364 (11th Cir. 1984).

In analyzing whether Plaintiff's claims for monetary damages may proceed, this Court notes that the Supreme Court, on the issue of prison medical care, has stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical "torture or a lingering death," . . . the evils of most immediate concern to the drafters of the [Eighth] Amendment.

Estelle v. Gamble, 429 U.S. 97, 103 (1976) (citation omitted). Moreover, the Eleventh Circuit has held "[a]n inmate's entitlement to medical treatment 'reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards' is undisputed." Fernandez v. United States, 941 F.2d 1488, 1493–94 (11th Cir 1991) (citation omitted).

The Eleventh Circuit has previously held the lack of a panic button in a prisoner's sleeping quarters does "not violate contemporary standards of decency, and thus, [does] not constitute cruel and unusual punishment under the Eighth Amendment." Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011) (affirming dismissal of Eighth Amendment claim brought by prisoner who fell out of bunk and complained of lack of panic button). However, in this case, Plaintiff contends that Rogers State Prison completely failed to provide any access to nighttime medical assistance in the event of an emergency.

As Plaintiff alleges in his Amended Complaint that no nighttime emergency medical assistance was available at Rogers State Prison and that Defendants appeared indifferent concerning this situation, the Court **FINDS** Plaintiff's prison condition claims may proceed against Defendants Coleman, McCumber, and McFarlane.

## VII.    Claims of Retaliation

"Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances." Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (citations omitted). To prevail on a retaliation claim, a plaintiff must establish that:

> (1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance].

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (citation and quotation marks omitted). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). Moreover, an inmate raises a First Amendment claim of retaliation if he shows

13

that prison officials disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment." See Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

Plaintiff alleges that between October 12, 2017 and December 4, 2017, he filed a grievance and made several other statements concerning the lack of emergency assistance during the nighttime hours at Rogers State Prison. Doc. 10 at 3. He further alleges prison officials failed to respond to his concerns, and then, on December 12, 2017, placed him in the outdoor segregation cage for over eight hours during freezing temperatures. Id. at 2–3. He alleges this was done in retaliation for his filing a grievance and making statements concerning prison conditions. Id. at 3. Given the timing of the outdoor cage incident, which occurred shortly after Plaintiff's repeated attempts to alert officials regarding prison conditions, the Court will allow Plaintiff to proceed with his retaliation claims against Defendants Coleman, McFarlane, Williams, Robinson, Copeland, and Hartmeyer. Plaintiff may also proceed with his retaliation claim against Defendant Hartmeyer for denying him a state meal during the Ramadan fast, which Plaintiff alleges occurred after he inquired about the status of his grievance for the December 12, 2017 incident. Doc. 10 at 12. To the extent Plaintiff alleges retaliation claims against Defendants Stankowitz and McCumber, see id. at 3, the Court **RECOMMENDS** such claims be **DISMISSED**, as Plaintiff fails to allege any acts on the part of Defendants Stankowitz and McCumber that could be deemed retaliatory. See Twombly, 550 U.S. at 555 (A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.).

## VIII. Leave to Appeal *in Forma Pauperis*

If the Court adopts this recommendation, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to any dismissed claims.[4] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

---

[4] A certificate of appealability is not required in this § 1983 action.

# CONCLUSION

For the reasons laid out above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Stankowitz and Rogers State Prison. I also **RECOMMEND** the Court **DISMISS** any claims for monetary damages against Defendants in their official capacities. Further, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims of racial and religious hate Crimes against Defendants Robinson, Copeland and Hartmeyer, and I **RECOMMEND** the Court **DISMISS** Plaintiff's retaliation claim against Defendant McCumber. As to any dismissed claims, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

However, I **FIND** Plaintiff sets forth non-frivolous Eighth Amendment claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities based on the outdoor cage incident. I further **FIND** that Plaintiff's retaliation claims may proceed against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities. Finally, I **FIND** Plaintiff may proceed with his prison conditions claims against Defendants Coleman, McCumber ,and McFarlane in their individual capacities based on the lack of nighttime emergency assistance at Rogers State Prison.

The Court hereby **DIRECTS** the United States Marshal to serve a copy of Plaintiff's Amended Complaint and attachments, docs. 10, 10-1, 10-2, and a copy of this Order upon Defendants McFarlane, McCumber, Coleman, Williams, Robinson, Copeland, and Hartmeyer without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Amended Complaint must also be included. Failure to do so will bar

any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.

See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections

must be served upon all other parties to the action. The filing of objections is not a proper

vehicle through which to make new allegations or present additional evidence. Furthermore, it is

not necessary for a party to repeat legal arguments in objections. The parties are advised that

failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see

Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United

States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report to which

objection are made and may accept, reject, or modify in whole or in part, the findings or

recommendations made by the Magistrate Judge. A party may not appeal a Magistrate Judge's

report and recommendation directly to the United States Court of Appeals for the Eleventh

Circuit. Appeals may be made only from a final judgment entered by or at the direction of a

District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and

Recommendation upon Plaintiff.

The Court also provides the following instructions to the parties that will apply to the

remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be

effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will

first mail a copy of the complaint to defendants by first-class mail and request that defendant

waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate

defendants have a duty to avoid unnecessary costs of serving the summons, and any such

defendant who fails to comply with the request for waiver must bear the costs of personal service

unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).

Generally, a defendant who timely returns the waiver is not required to answer the complaint

until 60 days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take

the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are

further advised that the Court's standard 140-day discovery period will commence upon the

filing of the last answer.  Local R. 26.1.  Defendants shall ensure that all discovery, including

Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery</u>

<u>period</u>.

In the event Defendants take the deposition of any other person, Defendants are ordered

to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will likely

not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and

advise him that he may serve on Defendants, in a sealed envelope, within 10 days of the notice of

deposition, written questions Plaintiff wishes to propound to the witness, if any.  Defendants

shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## <u>INSTRUCTIONS TO PLAINTIFF</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if

appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or

other document submitted for consideration by the Court.  Plaintiff shall include with the original

paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct

copy of any document was mailed to Defendants or their counsel.  Fed. R. Civ. P. 5.  "Every

pleading shall contain a caption setting forth the name of the court, the title of the action, [and]

the file number."  Fed. R. Civ. P. 10(a).

     <u>Plaintiff is charged with the responsibility of **immediately** informing this Court and

defense counsel of any change of address during the pendency of this action.  Local R. 11.1.

Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this

case.</u>

     Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to

obtain facts and information about the case from Defendants, Plaintiff must initiate discovery.

<u>See generally</u> Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days

after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the

Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within

this time period.  <u>Id.</u>  Discovery materials should **not** be filed routinely with the Clerk of Court;

exceptions include: when the Court directs filing; when a party needs such materials in

connection with a motion or response, and then only to the extent necessary; and when needed

for use at trial.  Local R. 26.4.

     Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R.

Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or

organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25

questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to

a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to

compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for

Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendants may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against

Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of December, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA