# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RENARDA JERMAL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN JEFFERY COLEMAN; DEPUTY WARDEN OF SECURITY ANDREW MCFARLANE; DEPUTY WARDEN OF ADMINISTRATION KELLY MCCUMBER; DEPUTY WARDEN OF CARE & TREATMENT TAMMY STANKOWITZ; LIEUTENANT HARTMEYER; SERGEANT COPELAND; CORRECTIONAL OFFICER AUSTIN WILLIAMS; and CORRECTIONAL OFFICER ROBINSON,<br><br>    Defendants. | CIVIL ACTION NO.: 6:18-cv-119 |

## **O R D E R**

Presently before the Court is Plaintiff's Response and Objections, (doc. 15), to the Magistrate Judge's December 18, 2019 Order and Report and Recommendation, (doc. 12). After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## BACKGROUND

Plaintiff, who is presently incarcerated at Hancock State Prison in Sparta, Georgia, brings this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement while at Rogers State Prison in Reidsville, Georgia. (Doc. 10.) After conducting the requisite frivolity review under 28 U.S.C. § 1915A, the Magistrate Judge recommended the Court dismiss the following claims:

1) Plaintiff's claims against Defendants Stankowitz and Rogers State Prison;

2) Plaintiff's claims for monetary damages against Defendants in their official capacities;

3) Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland, and Hartmeyer; and

4) Plaintiff's retaliation claim against Defendant McCumber.

The Magistrate Judge also recommended this Court deny Plaintiff *in forma pauperis* status on appeal as to any dismissed claims. (Doc. 12.)

Plaintiff, in his Response and Objections, concurs with much of the Magistrate Judge's Report and Recommendation. (Doc. 15.) However, he specifically objects to the recommendation that the Court dismiss Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland, and Hartmeyer and that the Court dismiss Plaintiff's due process and retaliation claims against Defendant Stankowitz. (Id. at pp. 7–12.) Accordingly, this Court will conduct a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objected.

## DISCUSSION

### I. Plaintiff's Objection to Magistrate Judge's Recommendation to Dismiss Racial and Religious Hate Crime Claims

Plaintiff objects to the Magistrate Judge's Recommendation that the Court dismiss Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland, and Hartmeyer. Plaintiff contends he has "[i]ndisputably proven" that a hate crime has occurred. (Doc. 15, p. 8.) However, as explained in the Magistrate Judge's Report and Recommendation, there is nothing indicating that 18 U.S.C. § 249 ("Hate crime acts") can serve as the basis of a private civil cause of action. See Nazer v. City of St. Petersburg, Case No.: 8:16-cv-02259, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017) ("[Section 249 of Title 18 of the United States Code] does not

create personal rights or private remedies, but instead delineates how the offenses are penalized, and under what circumstances the United States may prosecute such offenses."); Smith v. Montgomery Police Dep't, Case No.: 2:16-cv-156, 2016 WL 11440446, at *2 (M.D. Ala. Oct. 27, 2016) ("[Section 249 of Title 18 of the United States Code] is a federal criminal statute that does not provide civil litigants with a private right of action."), *report and recommendation adopted in part, rejected in part on other grounds by* 2016 WL 7424489 (M.D. Ala. Dec. 23, 2016); see also Harlson v. McKallip, 770 F. App'x 276, 276–77 (7th Cir. 2019) (affirming district court's dismissal of plaintiff's civil suit brought pursuant to 18 U.S.C. § 249).

To the extent Plaintiff is requesting this Court prosecute Defendants for committing hate crimes, Plaintiff has no constitutional right to have criminal proceedings commenced against Defendants. See United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987). Accordingly, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Recommendation that the Court dismiss Plaintiff's claims of racial and religious hate crimes.

## II. Plaintiff's Objection to Magistrate Judge's Recommendation to Dismiss Due Process Claims Against Defendant Stankowitz

Plaintiff also objects to the Magistrate Judge's Recommendation to dismiss Plaintiff's due process claim against Defendant Stankowitz. (Doc. 15, pp. 9–10.) As support for his contention that due process rights can arise from the denial of access to the prison grievance procedure, Plaintiff cites generally to Whatley v. Hart, No. 5:12-cv-142 (S.D. Ga.). However, Plaintiff fails to cite a specific order or opinion in that case, and the Court is unaware of any ruling in that case,

that would support Plaintiff's argument. Rather, the law of the Eleventh Circuit is that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest . . . ." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); see also Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."). Plaintiff has not shown that this line of law has been overruled, nor has he pointed to anything that distinguishes his case from these prior holdings. As the prison's grievance procedure does not provide Plaintiff with a protected liberty interest, Plaintiff's allegations concerning Defendant Stankowitz's handling of his grievance fail to state a due process claim under Section 1983. Accordingly, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Recommendation that the Court dismiss Plaintiff's due process claim against Defendant Stankowitz.

### III. Plaintiff's Objection to Magistrate Judge's Recommendation to Dismiss Retaliation Claim Against Defendant Stankowitz

Plaintiff also objects to the Magistrate Judge's Recommendation that the Court dismiss Plaintiff's retaliation claim against Defendant Stankowitz. In his Report and Recommendation, the Magistrate Judge found Plaintiff "fails to allege any acts on the part of Defendan[t] Stankowitz . . . that could be deemed retaliatory." (Doc. 12, p. 14.) In his Objections, Plaintiff now claims Defendant Stankowitz retaliated against him by discarding his December 2017 grievance concerning exposure to the cold and then alerting his perpetrators about the grievance. (Doc. 15, p. 11.) Plaintiff also alleges his grievance resulted in his transfer from a medium security prison to a close security prison months later, though Plaintiff does not allege that Defendant Stankowitz requested or facilitated the transfer to that prison. (Id.)

"To establish a retaliation claim under the First Amendment, a prisoner must show a causal connection between his protected speech and the harm of which he complains." Smith v.

Villapando, 286 F. App'x 682, 685 (11th Cir. 2008). Here, Plaintiff has not sufficiently alleged a causal connection between his transfer to a close security prison and the grievance he filed months earlier. His conclusory allegation that the two events are related is not enough to survive dismissal. See Leonard v. Monroe County, 789 F. App'x 848, 850–51(11th Cir. 2019) (dismissal under Section 1915 affirmed where prisoner "made only a conclusory assertion that he was placed in administrative confinement in retaliation for filing grievances"). Moreover, there is not even an allegation that Defendant Stankowitz was involved in the decision to transfer Plaintiff to a close security prison. See Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (affirming dismissal of two defendants where plaintiff simply alleged "[defendants] subjected [him] to a retaliatory negative transfer . . . ." without alleging facts associating defendants with the allegedly retaliatory transfer). Plaintiff's retaliation claim against Defendant Stankowitz also fails because in neither his Amended Complaint nor his Objections does Plaintiff indicate Defendant Stankowitz had any retaliatory motive when she allegedly failed to process his grievance. Rather, it appears she encouraged Plaintiff to file a grievance and then spoke with the alleged perpetrators about the grievance. See Smith v. Cannon, Case No. 5:18-CV-137, 2018 WL 4053329, at *1 (M.D. Ga. Aug. 24, 2018) (dismissing claim that grievance coordinator retaliated against plaintiff by not processing his grievance, noting allegations did not "plausibly show how [defendant] had any retaliatory motive in failing to process his grievance"). For these reasons, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Recommendation that the Court dismiss any claims of retaliation against Defendant Stankowitz.

## CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendants Rogers State Prison and Stankowitz, Plaintiff's claims for monetary damages against Defendants in their official capacities, Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland and Hartmeyer, and Plaintiff's retaliation claim against Defendant McCumber. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal as to such dismissed claims.

However, Plaintiff's Eighth Amendment claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities based on the outdoor cage incident, Plaintiff's retaliation claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer in their individual capacities, and Plaintiff's prison conditions claims against Defendants Coleman, McCumber, and McFarlane in their individual capacities based on the lack of nighttime emergency assistance at Rogers State Prison remain pending.

**SO ORDERED**, this 28th day of February, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA