IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RENARDA JERMAL SMITH,

    Plaintiff,

    v.

WARDEN JEFFERY COLEMAN, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-119

## O R D E R

Presently before the Court is Plaintiff's Response and Objections to the Magistrate Judge's Report and Recommendation, (doc. 35), and Defendants' Response thereto, (doc. 36). After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 33). Thus, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss, (doc. 26).

### BACKGROUND

Plaintiff, who is presently incarcerated at Hancock State Prison in Sparta, Georgia, brought this action under 42 U.S.C. § 1983 to challenge certain conditions of his confinement while he was incarcerated at Rogers State Prison in Reidsville, Georgia. (Doc. 10.) Defendants Coleman, Copeland, Hartmeyer, McCumber, McFarlane, and Williams moved to dismiss Plaintiff's claims against them, alleging Plaintiff failed to exhaust his administrative remedies pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Docs. 26, 26-1.) The Magistrate Judge issued a Report recommending this Court grant in part Defendants'

Motion to Dismiss and recommending dismissal without prejudice of all of Plaintiff's claims,[1] with the exception of his retaliation claim against Defendant Hartmeyer based on his refusal to provide Plaintiff a state meal during the Ramadan fast. (Doc. 33.)

Plaintiff, in his Response and Objections, concurs with the Magistrate Judge's recommendation that the Court dismiss his claims against Defendants Coleman, McCumber, and McFarlane related to the failure to provide nighttime emergency assistance. (See Doc. 35, p. 1.) However, Plaintiff objects to the recommendation that the Court dismiss Plaintiff's Eighth Amendment and retaliation claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer based on an incident where Plaintiff was placed in an outdoor cage during freezing temperatures. (Id. at p. 2.) This Court conducts a de novo review of the entire record and specifically addresses those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff objects.

## DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claims arising from his exposure to freezing temperatures while confined to an outdoor segregation cage. In his Report, the Magistrate Judge determined Plaintiff failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Specifically, the Magistrate Judge found that, although Plaintiff likely timely filed Grievance Number 258186 concerning the outdoor cage incident, he failed to seek a Central Office Appeal of the grievance prior to commencing this action. (Doc. 33, p. 6.) Plaintiff, in his Amended Complaint, acknowledged he never appealed the grievance for the

---

[1] The Magistrate Judge recommended the sua sponte dismissal of Defendant Robinson due to Plaintiff's failure to exhaust his administrative remedies with respect to his claims against Defendant Robinson. (Doc. 33, pp. 8–9.)

outdoor incident, stating, "The December 14, 2017 grievance was so far [past] statute of 30 days I could[n't] appeal it."  (Doc. 10, p. 12.)

In his Objections, Plaintiff now argues the appeal process was not available to him.  He alleges he was dependent on the grievance coordinator to provide him with the prescribed appeal form and that he was not provided with the appeal form, thus preventing him from appealing his grievance to the Central Office.  (Doc. 35, pp. 3–4.)  This position differs from Plaintiff's previous claim that he could not appeal his grievance because the time to appeal had expired before he received a response.  (Doc. 10, p. 12.)  Plaintiff cannot now save his claim by raising for the first time in his Objections the unavailability of the appeal form.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  See Frank v. United States, 789 F. App'x 177, 179 (11th Cir. 2019) ("[D]istrict court has discretion to refuse to consider matters raised for the first time in an objection to a magistrate judge's report and recommendation."); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding district court has discretion to decline to consider party's argument when that argument was not first presented to magistrate judge).

Even if the Court were to take as true and consider Plaintiff's new claim that he was not provided an appeal form by the grievance coordinator, the Court does not find this allegation demonstrates the appeal process was unavailable to him.  In Ross v. Blake, the United States Supreme Court outlined three situations where an administrative procedure is unavailable: (1) when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when an administrative scheme is so opaque it becomes incapable of use; and (3) when prison administrators thwart inmates from taking

3

advantage of a grievance process through machination, misrepresentation, or intimidation. 136 S. Ct. 1850, 1859–60 (2016).

The Court concludes Plaintiff's vague assertion that a grievance coordinator failed to provide him with an appeal form does not render the appeal procedure "unavailable." Plaintiff fails to allege he ever requested an appeal form and fails to provide any dates or descriptions of any times when he was actively denied access to an appeal from. The Court notes many months passed between the time Grievance Number 258186 became ripe for appeal in early 2018 and the date on which Plaintiff filed the present lawsuit in late 2018. Nothing in Plaintiff's Objections indicates he was denied an appeal form during this entire period. In fact, as noted in Defendants' Response to Plaintiff's Objections, (doc. 36, p. 3), Plaintiff's grievance records indicate he filed numerous grievances in 2018, including at least one which he appealed, (doc. 26-3, p. 2). Furthermore, at some point in 2018, Plaintiff transferred from Rogers State Prison to Hancock State Prison, (doc. 1, p. 3); however, Plaintiff fails to allege the unavailability of an appeal form continued when he transferred to Hancock State Prison. In short, Plaintiff's vague allegation that a grievance coordinator failed to provide him with an appeal form does not establish that the appeal process was "unavailable" so as to excuse his failure to fully exhaust Grievance Number 258186 prior to filing this suit.

At best, Plaintiff merely asserts the grievance coordinator did not affirmatively bring an appeal form to Plaintiff once his grievance was ripe for appeal. This allegation does demonstrate that the grievance appeal process "unavailable," and, therefore, Plaintiff was still obligated to seek an appeal of his grievance prior to bringing this suit. See Bryant v. Rich, 530 F.3d 1368, 1378–79 (11th Cir. 2008) (finding plaintiff still had obligation to seek good cause waiver to pursue out-of-time appeal after grievance counselor told him wrong date for appealing and delayed providing

4

him with a form); cf. Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008) (noting prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance can make the administrative remedy "unavailable"); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (stating plaintiff not required to file appeal in order to exhaust his administrative remedies after being told unequivocally appeal of institution-level denial was precluded).

Applying the analysis laid out in Turner v. Burnside, there is no need to proceed to step two of Turner. 541 F.3d at 1082. Even taking Plaintiff's version of the facts as true, the Court cannot conclude the grievance appeal process was unavailable to Plaintiff. As such, his failure to appeal his grievance means he failed to fully exhaust his available administrative remedies pursuant to 42 U.S.C § 1997e(a), and his claims arising out of the outdoor cage incident are due to be dismissed. Specifically, Plaintiff's failure to appeal Grievance Number 258186 precludes him from proceeding in this suit on his Eighth Amendment and retaliation claims against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer based on the outdoor cage incident. See Bryant, 530 F.3d at 1378 ("To exhaust administrative remedies in accordance with the PLRA, prisoners must properly take each step within the administrative process." (citation and quotation marks omitted)). Accordingly, Plaintiff's Objections are **OVERRULED**.

## CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, (doc. 35), and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, (doc. 33). Accordingly, the Court **GRANTS in part** Defendants' Motion to Dismiss, (doc. 26), **DISMISSES without prejudice** Plaintiff's claims against Defendants Coleman, Copeland, McCumber, McFarlane, and Williams

and further **DISMISSES without prejudice** Plaintiff's Eighth Amendment claim and Plaintiff's claim of retaliation occurring on December 12, 2017 against Defendant Hartmeyer.  The Court also **DISMISSES without prejudice** Plaintiff's claims against Defendant Robinson.  However, the Court **DENIES in part** Defendants' Motion to Dismiss, (doc. 26), to the extent it seeks dismissal of Plaintiff's retaliation claim against Defendant Hartmeyer based on his refusal to provide Plaintiff a state meal during the Ramadan fast.  Plaintiff's retaliation claim against Defendant Hartmeyer is the only remaining claim in this matter.

As Defendants' Motion to Dismiss has been resolved, the discovery stay entered by this Court on March 16, 2020, (doc. 29), is no longer in force, and the parties may commence discovery.  The Court **LIFTS** this stay and hereby **DIRECTS** the Clerk of Court to issue a Scheduling Notice in this case.

**SO ORDERED**, this 31st day of August, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA