IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RENARDA JERMAL SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT FNU HARTMEYER,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 6:18-cv-119 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendant Hartmeyer's Motion for Summary Judgment, construed as a Motion to Dismiss.[1]  Doc. 41.  Plaintiff filed a Response, conceding he failed to exhaust his administrative remedies and asking this Court to dismiss without prejudice. Defendant Hartmeyer also filed a Reply, acknowledging Plaintiff's concession.  Doc. 45.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendant Hartmeyer's construed Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Amended Complaint for failure to exhaust available administrative remedies, and **DIRECT** the Clerk of Court to **CLOSE** this case

---

[1]  Defendant's Motion is docketed as a Motion for Summary Judgment; however, Defendant Hartmeyer argues dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies. See Doc. 41.  In the Eleventh Circuit, exhaustion of administrative remedies is a matter in abatement that generally does not address the merits of the case.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008); see also Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (The first step of Turner "is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c)").  Thus, the exhaustion defense "is not ordinarily the proper subject for a summary judgment" but instead "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  Bryant, 530 F.3d at 1374–75.  Because the defendant must raise exhaustion in a motion to dismiss, the Eleventh Circuit treats failure to exhaust as an unenumerated defense pursuant to Federal Rule of Civil Procedure 12(b).  Id. at 1375 (holding "exhaustion should be decided on a Rule 12(b) motion to dismiss" even though "motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b)").  For this reason, I construe this portion of Defendant's Motion for Summary Judgment as a Rule 12(b) motion to dismiss for failure to exhaust administrative remedies.

and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## PROCEDURAL HISTORY

Plaintiff initiated this case, asserting 42 U.S.C. § 1983 claims arising out of events occurring while he was incarcerated at Rogers State Prison in Reidsville, Georgia. Doc. 10.[2] After conducting frivolity review, the Court dismissed Plaintiff's monetary claims against all Defendants in their official capacities, Plaintiff's claims against Defendants Stankowitz and Rogers State Prison, Plaintiff's claims of racial and religious hate crimes against Defendants Robinson, Copeland, and Hartmeyer, and Plaintiff's retaliation claim against Defendant McCumber. Doc. 25. However, Plaintiff was permitted to proceed on his Eighth Amendment claim against Defendants McFarlane, Coleman, Williams, Robinson, Copeland, and Hartmeyer on his retaliation claims and his prison conditions claims against Defendants Coleman, McCumber, and McFarlane. Id.

Defendants Coleman, Copeland, Hartmeyer, McCumber, McFarlane, and Williams then filed a motion to dismiss, which resulted in the dismissal of all claims except for Plaintiff's retaliation claim against Defendant Hartmeyer based on Defendant Hartmeyer's refusal to provide Plaintiff a state meal during Ramadan fast. Docs. 33, 38. Defendant Hartmeyer now moves to dismiss Plaintiff's retaliation claim based on Plaintiff's failure to exhaust administrative remedies.

---

[2] Plaintiff initially filed a Complaint on November 26, 2018. See Doc. 1. Then, on September 18, 2019, Plaintiff filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), which is the operative Complaint in this case. See Docs. 10, 12.

2

**DISCUSSION**

The Court must now resolve Defendant Hartmeyer's construed Motion to Dismiss for Plaintiff's failure to exhaust his administrative remedies. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint against Defendant Hartmeyer and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.     PLRA's Exhaustion Requirements**

Under the Prison Litigation Reform Act ("PLRA"), an incarcerated individual must properly exhaust all available administrative remedies—the prison's internal grievance procedures—before filing a federal lawsuit to challenge prison conditions. 42 U.S.C. § 1997e(c)(1); see Jones v. Bock, 549 U.S. 199, 202 (2007); Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000). The purpose of the PLRA's exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Whatley v. Warden, Ware State Prison (Whatley I), 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)).

Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding the PLRA requires exhaustion "irrespective of any 'special circumstances'" and its "mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account"); Jones, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Moreover, courts may not consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (noting an inmate's belief

administrative procedures are futile or needless does not excuse the exhaustion requirement). Rather, courts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim. Id.

Proper exhaustion requires compliance with the prison's administrative policies, deadlines, and other critical procedural rules. Woodford, 548 U.S. at 91–92; Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'" (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005))). "[A]n inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000); Gooch v. Tremble, No. 1:18-cv-058, 2018 WL 2248750, at *3 (S.D. Ga. Apr. 20, 2018) ("[B]ecause exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure before initiating this suit." (quoting Higginbottom, 223 F.3d at 1261)). An incarcerated individual cannot "cure" an exhaustion defect by properly exhausting all remedies after filing suit. Terry, 491 F. App'x at 83; Harris, 216 F.3d at 974.

Moreover, to properly exhaust, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the administrative grievance process. Bryant, 530 F.3d at 1378; see also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2003) (affirming sua sponte dismissal for failure to exhaust when a federal inmate submitted a written complaint and appealed the decision but filed his lawsuit before receiving the final decision on his appeal); Sewell v. Ramsey, No. CV406-159, 2007 WL

201269 (S.D. Ga. Jan. 27, 2007) (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

The procedural steps prisoners must follow to fully exhaust are set out by their prison's administrative grievance policies. Jones, 549 U.S. at 218; Bracero v. Sec'y, Fla. Dep't of Corr., 748 F. App'x 200, 202 (11th Cir. 2018) ("To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures established by the prison."). Proper exhaustion requires prisoners do more than simply initiate a grievance; they must correctly follow all procedural rules set out in the institution's policy—including time limits—and must appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Johnson, 418 F.3d at 1159 ("Prisoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim."); Sewell, 2007 WL 201269, at *4 (finding a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

## II.  Standard of Review for Exhaustion

A defendant may raise an inmate-plaintiff's failure to exhaust as an affirmative defense. Jones, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA . . . ."); Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[d]efendants bear the burden of proving that the plaintiff failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari, 729 F. App'x at 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche, 783 F.3d at 121; Turner, 541 F.3d at 1082. While exhaustion is a mandatory requirement for bringing suit, one exception exists. Ross, 136

S. Ct. at 1858 ("The PLRA contains its own, textual exception to mandatory exhaustion."). "Under the PLRA, a prisoner need exhaust only 'available' administrative remedies." Id. at 1856; Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017). Drawing from the plain language of the word "available," the United States Supreme Court has concluded that "an inmate is required to exhaust. . . only those[] grievance procedures that are 'capable of use' to 'obtain some relief for the action complained of.'" Ross, 136 S. Ct. at 1858–59; Turner, 541 F.3d at 1084 (quoting Goebert v. Lee County, 510 F.3d 1312, 1322–23 (11th Cir. 2007) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of its purpose.'")). "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available." Turner, 541 F.3d at 1084.

Courts recognize "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 136 S. Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id.; Turner, 541 F.3d at 1083 (noting that the PLRA "does not require inmates to craft new procedures when prison officials demonstrate. . . they will refuse to abide by the established ones"). Secondly, exhaustion is not required when an administrative procedure that is "so opaque" or "unknowable" that "no ordinary prisoner can discern or navigate it." Ross, 136 S. Ct. at 1859–60. Finally, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation[,]" such thwarted inmates are not required to exhaust. Id. at 1860; Abram v. Leu, 759 F. App'x 856, 860 (11th Cir. 2019) ("An administrative

6

remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief."); Dimanche, 783 F.3d at 1214 ("The PLRA does not 'require[] an inmate to grieve a breakdown in the grievance process.'" (quoting Turner, 541 F.3d at 1083)); Miller v. Tanner, 196 F.3d 1190, 1194 (11th Cir. 1999) (finding exhaustion does not require plaintiff-inmates "to file an appeal after being told unequivocally that appeal of an institution-level denial was precluded").

In Turner v. Burnside, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies under § 1997e(a).  541 F.3d at 1082. First, courts "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id.; see also Bracero, 2018 WL 3861351, at *1.  This prong of the Turner test ensures there is a genuine dispute of material fact regarding the inmate-plaintiff's failure to exhaust.  Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824.  "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust." Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion.").  After resolving the factual disputes, the court then decides whether, "based on those findings, defendants have shown a failure to exhaust." Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at

1209).  Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings."  Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.").

### III.  Applying Turner

Defendant Hartmeyer argues Plaintiff's Amended Complaint should be dismissed because none of the grievances filed by Plaintiff while at Rogers State Prison relate to Plaintiff's allegation that Defendant Hartmeyer refused to provide him with a Ramadan meal.  Doc. 41-1 at 3.  Thus, according to Defendant Hartmeyer, Plaintiff plainly failed to exhaust his administrative remedies as to this claim.  Id.  In Plaintiff's Response, he concedes he did not exhaust his administrative remedies and states the Court should dismiss without prejudice his Amended Complaint.  Doc. 43 at 1.

At step one under Turner, the Court must consider the "factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true."  Turner, 541 F.3d at 1080–82.  Here, the inquiry is short—there is no conflict.  Defendant Hartmeyer asserts based on Plaintiff's grievance history, he did not exhaust his administrative remedies as to the retaliation claim. Doc. 41-1.  In Plaintiff's Response, he concedes he failed to exhaust and agrees dismissal without prejudice is appropriate.  Doc. 45.

Therefore, Plaintiff failed to exhaust his administrative remedies as to the events giving rise to his Amended Complaint under step one of Turner. Consequently, the Court should **GRANT** Defendant's Motion and **DISMISS without prejudice** Plaintiff's Amended Complaint based on his failure to exhaust his administrative remedies.

IV.   **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendant's construed Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal on these claims

would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant Hartmeyer's construed Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Amended Complaint for failure to exhaust available administrative remedies, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1182, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 27th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA